IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT DEWAYNE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-488-WKW-CWB |
| | ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     Introduction**

Robert Dewayne Thompson ("Thompson"), an indigent inmate who lists his address as the Elmore Correctional Facility, filed this 42 U.S.C. § 1983 action on August 15, 2022. (Doc. 1). In his complaint, Thompson alleges that he was assaulted by a fellow inmate, Brandon Hurst, whom he names as a defendant. (*Id*.). Thompson also names as defendants the Alabama Department of Corrections, Kilby Correctional Facility, and Commissioner Jefferson Dunn based upon an alleged failure to protect him from the assault. (*Id*.). According to the complaint, the assault occurred on March 21, 2019. (*Id*.).

Because Thompson was granted leave to proceed *in forma pauperis* (Doc. 4), the court is required to conduct an initial screening and dismiss the complaint if the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Having conducted such a review, the undersigned concludes that this action is due to be summarily dismissed as untimely.

**II.     Discussion**

Untimeliness of filing is usually an issue raised by affirmative defense. Nonetheless, when screening a case under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the court may *sua sponte* consider any affirmative defense that is apparent from the face of the complaint. *See, e.g., Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. And "expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citing *See Franklin v. State of Oregon*, 563 F.Supp. 1310, 1330, 1332 (D.C. Oregon 1983)).

Here, it is clear from the face of the complaint that claims arising out of an alleged assault on March 21, 2019 would be barred by the applicable two-year statute of limitations:

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Put most simply, the filing of this action on August 15, 2022 occurred well after the deadline for doing so had passed. Thompson's claims are therefore subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The court further notes that each of the defendants could be dismissed for reasons separate from those addressed in this Recommendation. Because the statute of limitations bars this action in its entirety, however, the court need not address any other grounds for dismissal.

**III.    Conclusion**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Ali*, 892 F.2d at 440 ("[T]he court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer.").

The plaintiff may file objections to the Recommendation on or before October 6, 2022. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made.  The plaintiff is advised that frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 22nd day of September 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**